ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| RENÉ JOSÉ SOTOMAYOR MARQUÉS; MARGARITA MARIE SOTOMAYOR MARQUÉS y JOSÉ LUIS SOTOMAYOR MARQUÉS, <br><br> Recurrida, <br><br> v. <br><br> **ÁNGEL MANUEL SOTOMAYOR SANTOS**; RENÉ JAVIER SOTOMAYOR CLAVELL; RUTH MARIE SOTOMAYOR CLAVELL; ADA DOLORES CLAVELL CAMPOS y ANTONIO SOTOMAYOR ORTIZ, <br><br> Peticionaria. | KLCE202400053 | *CERTIORARI* procedente de Tribunal de Primera Instancia, Sala Superior de Aguadilla. <br><br> Civil núm.: AG2021CV01348. <br><br> Sobre: liquidación de comunidad de bienes hereditarios*.* |
|---|---|---|

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

RESOLUCION

En San Juan, Puerto Rico, a 14 de febrero de 2024.

Comparece la parte peticionaria Ángel Manuel Sotomayor Santos y nos solicita que revisemos y revoquemos la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, el 15 de diciembre de 2023. En esta, el Tribunal dispuso que la estructura en bloque y hormigón de 912 pies cuadrados, dedicada al uso comercial, construida sobre la finca de los causantes René Fermín Sotomayor y Angela Santos Gómez, y donada a la parte peticionaria forma parte del patrimonio que constituye el caudal hereditario, así como una finca que se alega fue donada.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición el auto de *certiorari*.

I

El 2 de noviembre de 2021, la parte recurrida, compuesta por el señor René José Sotomayor Marqués y la señora Margarita Marie Soto

Mayor Marqués, presentó una demanda contra el peticionario[1]. En lo pertinente, alegó que los causantes, Angela Santos Gómez y René Fermín Sotomayor Hernández, donaron al peticionario un terreno de 1,004.54 metro cuadrados[2]. Ello, a través de la escritura pública núm. 3, otorgada ante notario público el 3 de marzo de 1984[3].

Además, expuso que en el terreno se edificó una estructura construida en bloque y hormigón. Adujo que esta pertenecía a la sucesión[4] y fue arrendada por uno de los causantes al peticionario, mediante contrato de arrendamiento del 16 de marzo de 1984[5]. Sobre el contrato, alegó que este prohibía el subarrendamiento y especificaba que todo lo edificado y las mejoras realizadas serían a beneficio del arrendador; en este caso, el causante Rene Fermín Sotomayor. En vista de lo anterior, reclamó a favor de la sucesión las rentas percibidas, lo edificado sobre el terreno, así como las mejoras realizadas a la propiedad desde el fallecimiento del causante[6].

El 4 de agosto de 2024, compareció la parte recurrida ante el Tribunal de Primera Instancia y solicitó que se emitiera una resolución en la cual se declarase el edificio ubicado en la finca número 17,516, tomo 329, folio 160 del Registro de la Propiedad de Aguadilla, y las mejoras realizadas a este, propiedad de la sucesión[7].

---

[1] *Véase*, apéndice del recurso, a las págs. 35-41.

[2] Según surge de la escritura, el terreno fue descrito de la siguiente manera:

> Solar radicado en el barrio Ceiba baja del Municipio de Aguadilla con una cabida superficial de MIL CUATRO METROS CUADRADOS CON CINCUENTA Y CUATRO CENTESIMAS en lindes: por el norte, en veintinueve metros con ochenta y ocho centímetros con remanente de la finca principal; por el SUR, en veintinueve metros con ochenta y ocho centímetros con solar "B"- USO PÚBLICO por el ESTE, en treinta y tres metros con sesenta y tres centímetros con remanente de la finca y por el OESTE, en treinta y tres metros con sesenta y tres centímetros con Arcelio Grajales.

*Íd.*, a las págs. 45-46.

[3] *Íd.*, a las págs. 45-48.

[4] Al momento de presentar la demanda, la sucesión estaba compuesta por: Ángel Manuel Sotomayor Santos, René Javier Sotomayor Clavell, Ruth Marie Sotomayor, Ada Dolores Clavell Campos, René José Sotomayor Marqués, Margarita Marie Sotomayor Marqués, José Luis Sotomayor Marqués y Antonio Sotomayor Ortiz. *Íd.*, a la pág. 36.

[5] *Íd.*, a las págs. 52-53.

[6] *Íd.*, a la pág. 39.

[7] *Íd.*, a las págs. 41-44.

A su moción, la recurrida adjuntó una copia de la escritura de donación. De la misma surge que los causantes donaron la referida finca y, a su vez, declararon que se reservaban para sí el derecho de dominio que les correspondía sobre la estructura construida toda en bloques y hormigón dedicada a uso comercial, que medía novecientos doce pies cuadrados y estaba edificada sobre el predio[8]. Además, adjuntó copia del acta de reconocimiento de dominio pleno, en la que el peticionario reconocía que no poseía derecho de dominio alguno sobre la estructura construida toda en bloques y hormigón dedicada a uso comercial[9]. Finalmente, adjuntó el contrato de arrendamiento de la referida estructura[10].

Tras varias incidencias procesales, el 24 de agosto de 2023, compareció el recurrido y presentó su posición respecto a la titularidad de la propiedad en controversia[11]. En síntesis, alegó que para que el tribunal dispusiera de la controversia faltaba una parte indispensable. A su vez, arguyó que, a pesar de que en la escritura de donación los causantes se habían reservado el derecho de dominio sobre la estructura, no se constituyó el derecho real de superficie y, por tanto, este la adquirió mediante la figura de usucapión.

El 15 de diciembre de 2023, el Tribunal de Primera Instancia notificó a las partes su *Resolución*[12]. En ella, declaró con lugar la moción presentada por la parte recurrida el 4 de agosto de 2023, y determinó que la estructura en bloques y hormigón de 912 pies cuadrados, dedicada a uso comercial y construida sobre la finca que los causantes habían donado al peticionario, formaba parte del patrimonio que constituía el caudal hereditario, así como la finca que se alega fue donada.

---

[8] *Véase*, apéndice del recurso, a la pág. 46.

[9] *Íd.*, a la pág. 50.

[10] *Íd.*, a las págs. 52-53.

[11] *Íd.*, a las págs. 55-56. El peticionario adjuntó a su moción la certificación registral de la finca 17,516; los relevos emitidos por el Departamento de Hacienda y una declaración jurada.

[12] *Íd.*, a las págs. 19-26.

Ante la determinación del foro primario, la parte peticionaria presentó una moción de reconsideración. En lo pertinente, arguyó que el tribunal había dado por ciertas alegaciones que no fueron sustentadas por la prueba adjuntada a la moción. A su vez, planteó que el tribunal no había atendido los señalamientos relacionados a la falta de parte indispensable, según planteados en la moción presentada el 24 de agosto de 2023. Finalmente, impugnó la determinación del tribunal de dejar sin efecto la donación de la finca 17,516.

El 3 de enero de 2024, el foro primario declaró sin lugar la moción de reconsideración[13]. Inconforme con la referida determinación, la parte peticionaria instó este recurso y formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia, Sala Superior de Aguadilla, al considerar las alegaciones no sustentadas por la prueba de los demandantes, emitir resolución en ausencia de una parte indispensable, no contar con la evidencia para sustentar las alegaciones y emitir una Resolución que se contradice y contraviene los hechos que no están en controversia, concediendo remedios no solicitados en la demanda.

> Erró el Tribunal de Primera Instancia, Sala Superior de Aguadilla, al analizar el derecho aplicable a la controversia ante su consideración.

Por su parte, el 2 de febrero de 2024, la parte recurrida compareció y solicitó que se le concediera un término adicional para presentar su posición. Por tanto, el 5 de febrero de 2024, emitimos una *Resolución* mediante la que le otorgamos un término perentorio a la parte recurrida vencedero al 12 de febrero de 2024, para que mostrara causa por la cual no debíamos expedir el recurso de *certiorari*.

El 12 de febrero de 2024, la parte recurrida presentó su oposición a la expedición del auto de *certiorari*.

Con el beneficio de la comparecencia de las partes, disponemos.

---

[13] *Véase*, apéndice del recurso, a la pág. 34.

II

A

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier

norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

III

En este caso, la parte peticionaria, mediante su primer señalamiento, aduce que el Tribunal de Primera Instancia abusó de su discreción y emitió una resolución con determinaciones de hecho que no fueron sustentadas con la prueba ofrecida. También, planteó que en su determinación el tribunal se contradijo y concedió remedios que la parte recurrida no había solicitado. En cuanto a su segundo señalamiento de error, adujo que el tribunal había incidido al analizar el derecho aplicable a la controversia.

Con su alegato, la parte recurrida reiteró su posición respecto a que el peticionario no podía usucapir el edificio en controversia. En miras a sustentar sus argumentos, adjuntó la grabación de la deposición de señor Sotomayor Santos y tres escrituras otorgadas en marzo de 1984. Cabe recalcar que, por virtud de estas escrituras y de la deposición tomada al peticionario, se le donó la finca 17,516 y él reconoció que el edificio sobre la finca no le pertenecía y que finalmente había arrendó el mismo[14].

Ahora bien, hemos evaluado el récord de este caso, los señalamientos de error planteados por la parte peticionaria y el derecho aplicable a la controversia. Cónsono con los principios antes expuestos, para determinar si debemos expedir el auto de *certiorari* solicitado, nos corresponde analizar el asunto que se nos plantea a la luz de los criterios contenidos en la Regla 40 del Reglamento de este Tribunal de Apelaciones.

Realizado dicho análisis, no encontramos que, en su determinación, el foro primario haya incurrido en un abuso de discreción o que este haya actuado con el prejuicio o la parcialidad que conlleve un fracaso de la

---

[14] *Véase*, apéndice del alegato en oposición, a las págs. 1-10.

justicia. Además, concluimos que el peticionario no demostró que, intervenir en esta etapa, evitaría un perjuicio sustancial.

IV

Por los fundamentos expuestos **denegamos** la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones